THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON HOWE, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WOODY BUICK-GMC, INC., an Illinois ) <br> corporation, ) <br> ) <br> Defendant. ) | Case No. 1:22-cv-4641 |

## COMPLAINT

NOW COMES the Plaintiff, JASON HOWE, by and through his attorneys, S.T. LEGAL GROUP, who for his Complaint against Defendant, WOODY BUICK-GMC, INC., an Illinois corporation, alleges and states as follows:

### NATURE OF ACTION

1. This lawsuit arises under The Age Discrimination in Employment Act of 1967 for discrimination based on age (over 40).

### JURISDICTION

2. Federal jurisdiction arises under the provisions of The Age Discrimination in Employment Act (hereinafter "ADEA") of 1967, 29 U.S.C. § 621, *et. seq*. and federal question jurisdiction under 28 U.S.C. § 1331 and § 1343.

### VENUE

3. Pursuant to 29 U.S.C. § 1391, venue lies in the Northern District of Illinois in that Plaintiff is a resident in this District, the Defendant is a corporation doing business in this District.

## PARTIES

4. At all relevant times, the Plaintiff, JASON HOWE, was a resident of St. Charles, State of Illinois.

5. At all relevant times, the Defendant, WOODY BUICK GMC, INC., (hereinafter "WOODY BUICK") was a corporation duly organized under the laws of the State of Illinois with its principal place of business in Naperville, State of Illinois.

## BACKGROUND

6. On or about June 20, 2006, Plaintiff, JASON HOWE, began his employment with Defendant, WOODY BUICK, as a Parts Counterman. In 2010, he was promoted to Parts Manager in their Parts Department.

7. As Parts Manager, Plaintiff, JASON HOWE, reported to Steven Montgomery, Service and Parts Director

8. In or around the fall of 2019, new management took over, Defendant, WOODY BUICK, and Jerry Roberts became the General Manager.

9. On or about June 22, 2020, after returning to work from being out for COVID concerns, Plaintiff, JASON HOWE, was followed around his department and verbally abused by Jerry Roberts.

10. The next day, Plaintiff, JASON HOWE, contacted the Human Resource department of Woody Buick and spoke to Joya Sanders regarding the incident with Jerry Roberts.

11. Plaintiff, JASON HOWE, expressed his wish to file a harassment complaint against Jerry Roberts, however, Joya Sanders suggested that they all discuss the issues instead.

12. To that end and in the spirit of compromise, Plaintiff, JASON HOWE, had a meeting with Jerry Roberts, Steve Montgomery, and Joya Sanders, in which it was decided that they should all try to work together and get along.

13. In or around June 26, 2020, Defendant, WOODY BUICK, and Plaintiff, JASON HOWE, had a meeting wherein the Plaintiff told the Defendant that he was having some health and personal problems and took a sick day off from work.

14. On or around June 28, 2020, Plaintiff, JASON HOWE, received a text message from Steve Montgomery notifying him that his employment with Defendant, WOODY BUICK, was terminated. A copy of said Right to Sue is attached hereto as Exhibit 1.

15. On April 26, 2021, Plaintiff, JASON HOWE, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant, WOODY BUICK.

16. On June 28, 2022, the EEOC issued a Right to Sue Letter, which granted the Plaintiff, JASON HOWE, ninety (90) days to file suit.

**COUNT I- Violation of The Age Discrimination in Employment Act**

17. The Plaintiff, JASON HOWE, realleges and incorporates paragraphs 1 through 16 as if fully set forth herein as paragraph 17.

18. At all relevant times, there was in effect The Age Discrimination in Employment Act (hereinafter "ADEA") of 1967. 29 U.S.C. § 621, *et. seq*.

19. During the course of employment, the Plaintiff, JASON HOWE, was an "employee" as defined by the ADEA.

20. During the course of employment, the Defendant, WOODY BUICK, was an "employer" as that term is defined by the ADEA.

21. At all relevant times, the Plaintiff, JASON HOWE, was a protected individual under the ADEA, in that he was over forty (40) years of age.

22. During his employment, the Plaintiff, JASON HOWE, was subjected to harassment from the Defendant, WOODY BUICK, because of his age.

23. For example, the Plaintiff, JASON HOWE, was subjected verbal harassment by the General Manager, Jerry Roberts.

24. The Plaintiff, JASON HOWE, reported the harassment to the Human Resources Department of the Defendant, WOODY BUICK, however no action was taken against Jerry Roberts.

25. In addition, during the term of his employment, the Plaintiff, JASON HOWE, observed that employees of the Defendant, WOODY BUICK, over forty years of age were treated less favorably than those employees under forty years of age with regards to promotion, disciplinary action, and termination.

26. The Defendant, WOODY BUICK, engaged in a pattern of conduct whereby their employees over age 40 were terminated and replaced by individuals under age 40, and/or their employees over the age of 40 were treated less favorably than younger employees.

27. While the Plaintiff, JASON HOWE, was employed by the Defendant, WOODY BUICK, he satisfactorily performed his duties.

28. On or about June 28, 2020, the Defendant, WOODY BUICK, terminated the Plaintiff, JASON HOWE's, employment.

29. Pursuant to the ADEA, it is unlawful for an employer to discharge or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623(a).

30. In violation of the Age Discrimination in Employment Act, the Defendant, WOODY BUICK, committed one or more of the following actions:

    a. Terminated the Plaintiff on the basis of his age;

    b. Discriminated against the Plaintiff on the basis of his age;

    c. Harassed the Plaintiff on the basis of his age; and

    d. Was otherwise in violation of the Age Discrimination in Employment Act;

31. As a result of the discriminatory and retaliatory conduct of the Defendant, WOODY BUICK, the Plaintiff, JASON HOWE, has sustained the following and ongoing damages:

    a. Loss of wages, benefits, and income from the time of his termination and ongoing;

    b. Humiliation, embarrassment, and emotional distress damages and ongoing;

    c. Attorneys' fees and costs for the prosecution of this action and ongoing;

    d. Prejudgment interest; and

    e. other losses to be determined.

WHEREFORE, the Plaintiff, JASON HOWE, prays for judgment against the Defendant, WOODY BUICK-GMC, INC., plus his costs of suit and attorneys' fees.

## JURY DEMAND

A Jury Trial is requested on all claims triable by a jury.

Respectfully Submitted,

_/s/ Diana C. Servos_
Diana C. Servos

5

Attorney for the Plaintiff

DIANA C. SERVOS (4994471)
S.T. Legal Group
1020 Milwaukee Avenue, Suite 335
Deerfield, Illinois 60015
(847) 654-9200
dservos@stlegalgroup.com

**EXHIBIT 1:** EEOC NOTICE OF SUIT RIGHTS

EEOC Form 161-B (01/2022)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| | |
|---|---|
| **To:** Jason Howe<br>c/o Diana Taylor<br>S.T. LEGAL GROUP<br>1020 Milwaukee Avenue, Suite 335<br>Deerfield, IL 60015 | **From:** Chicago District Office<br>230 S Dearborn Street<br>Chicago, IL 60604 |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2021-03725 | Gregory Mucha,<br>Investigator | (312) 872-9686 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** *of your receipt of this Notice.* Otherwise, your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred *more than 2 years (3 years)* before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Julianne Bowman
6/28/2022

Julianne Bowman
District Director

Enclosures(s)

cc:
Woody Buick, GMC, Inc.

Enclosure with EEOC
Form 161-B (01/2022)

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this** Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request **within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*